IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT, INC., d/b/a THE HOME DEPOT, an Illinois corporation,<br><br>Defendant.<br>_____<br><br>HOME DEPOT U.S.A, INC.<br><br>Third Party Plaintiff,<br><br>vs.<br><br>MOULURE ALEXANDRIA MOULDING, INC. and NATIONAL SERVICE SOLUTIONS,<br><br>Third Party Defendants.<br>_____ | Case No. 16 C 9573 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Henry Hernandez sued Home Depot USA, Inc. in Illinois state court for negligence after he was injured in a Home Depot store. Home Depot removed the case to federal court on the basis of diversity of citizenship. It has now filed a motion for summary judgment on Hernandez's claim. The Court denies that motion for the reasons stated below.

### Background

The following facts are undisputed except where otherwise indicated. On

September 26, 2014, Hernandez went to the Home Depot store in Schaumburg, Illinois to buy moulding.[1] He bent over to check a label in the moulding aisle when he was struck by a cart and fell forward, sustaining significant injuries.

The cart that hit Hernandez was pushed by Shawn Eckles and Michael Younglove. Eckles and Younglove were employed by a contractor, National Service Solutions (NSS), and were moving around 10,000 pounds of goods to be stocked in the moulding aisle, which Eckles characterized as an unusually large load. Younglove was pushing the cart while Eckles pulled. Eckles was walking backwards at the front of the cart and did not see Hernandez when the cart turned into the moulding aisle. Nor could Younglove see where the cart was going, as it was stacked six or seven feet high with moulding. The parties appear to agree that the two men—particularly Eckles—acted contrary to their training by failing to more thoroughly check the aisle before entering it.

The parties disagree about the cause of Eckles and Younglove's lapse. Hernandez alleges that Home Depot caused his injuries, but Home Depot claims that Eckles and Younglove's negligence was the sole cause. Nevertheless, the parties agree that no Home Depot employee assisted Eckles and Younglove in their effort to move the cart. And they agree that the final action taken by a Home Depot employee was to load the cart with moulding. The key dispute is thus one of causation: were Home Depot's actions or omissions sufficiently causally related to Hernandez's injury to survive summary judgment?

---

[1] It doesn't appear to the Court that "moulding" is the correct spelling for the term— "molding" appears to be the accepted spelling. But both parties spell the word with a "u," so the Court will do so as well.

## Discussion

Summary judgment is appropriate where a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In making this determination, all "facts must be viewed in the light most favorable to the nonmoving party." *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The Illinois Supreme Court has noted that "proximate cause ordinarily is a question for the trier of fact." *First Springfield Bank & Tr. v. Galman*, 188 Ill. 2d 252, 257, 702 N.E.2d 1068, 1071 (1999) (internal quotation marks omitted); *see also Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430, 856 N.E.2d 1048, 1054 (2006) ("[W]hether a defendant breached the duty and whether the breach was the proximate cause of the plaintiff's injuries are factual matters for the jury to decide, provided there is a genuine issue of material fact regarding those issues."). Causation may, however, "be determined as a matter of law by the court where the facts as alleged show that the plaintiff would never be entitled to recover." *Abrams v. City of Chicago*, 211 Ill. 2d 251, 257-58, 811 N.E.2d 670, 674 (2004).

Home Depot's motion for summary judgment centers primarily on the issues of causation and agency. Hernandez contends that Home Depot employees overfilled the cart to the point that it was both too heavy and too obtrusive for the Eckles and Younglove to operate safely. Further, he contends that Home Depot employees' failure to help them move the cart also contributed to his injury. Specifically, he points to

deposition testimony by John Girves, the district manager of the Schaumburg Home Depot store, that Home Depot employees "are ultimately responsible for moulding product and processes in the store" and that they are specifically required to help guide carts like the one in question safely to the relevant aisle. *See* Pl.'s Rule 56.1 Stat., Ex. B, at 38-39, 43-45. Hernandez further points to Younglove's testimony that it was standard practice for Home Depot associates at other locations to help with transfers by guiding carts. *See* Pl.'s Rule 56.1 Stat., Ex. F, at 30. Hernandez also notes that many Home Depot aisles, including the one where he was injured, have gates that can be closed to keep customers out of harm's way, but that NSS employees were not permitted to close them. In Hernandez's view, a Hope Depot employee could and should have closed the aisle to keep customers like him safe.

Home Depot disputes that it had any role in causing Hernandez's injuries. It contends that Eckles and Younglove's negligence and failure to follow policy led to the injury. Specifically, it suggests that if Eckles had been walking facing forward, as Home Depot's policy required and as he and Younglove testified was Eckles's normal practice, Hernandez would not have been injured. According to Home Depot, this lapse constituted an independent intervening cause of Hernandez's injury that destroys any causal connection with Home Depot's employees' actions or omissions.

Finally, and in the alternative, Hernandez asserts that Eckles and Younglove were legal agents of Home Depot. Home Depot counters that it exerted insufficient control over the two contractors to render them agents.

Again, summary judgment is appropriate only if no reasonable jury could find that Home Depot either caused Hernandez's injury itself or did so through an agency

4

relationship with Eckles and Younglove.

## A. Causation

Under Illinois law, "'proximate cause' describes two distinct requirements: cause in fact and legal cause." *Abrams*, 211 Ill. 2d at 258, 811 N.E.2d at 674. As the defendant points out, some Illinois courts use the language of "causes" versus "conditions" in disputes involving allegedly intervening acts of third persons. *Id.* at 259, 811 N.E.2d at 675. That is, courts distinguish between defendants who created conditions under which an intervening and unforeseeable third party injured the plaintiff from those where the defendant actually set a causal chain in motion. But, as the Illinois Supreme Court clarified in *First Springfield Bank & Trust*, 188 Ill. 2d at 259, 720 N.E.2d at 1072, this distinction makes no difference:

> [When courts] ask whether the defendant's conduct was a cause of the injury or simply furnished a condition by which the injury was made possible, they are in effect asking whether the defendant's conduct was a material and substantial element in bringing about the injury. Similarly, when [they] ask whether the defendant might have reasonably anticipated the intervening efficient cause as a natural and probable result of his or her own negligence, they are in effect asking whether the intervening efficient cause was of a type that a reasonable person would see as a likely result of his or her conduct. Far from conflicting, [courts applying the cause versus condition framework] uniformly embrace the traditional proximate cause test that has governed Illinois for the better part of this century.

*Id.* at 259, 720 N.E.2d at 1072-73.

### 1. Cause in fact

"A defendant's conduct is a 'cause in fact' of the plaintiff's injury only if that conduct is a material element and a substantial factor in bringing about the injury." *Abrams*, 211 Ill. 2d at 259, 811 N.E.2d at 675. And, in turn, a "defendant's conduct is a material element and substantial factor in bringing about the injury if, absent that

5

conduct, the injury would not have occurred." *Id.* At bottom, cause in fact requires that the plaintiff show "a reasonable connection between the act or omission of the defendant and the damages which the plaintiff has suffered." *Smith v. Eli Lilly & Co.*, 137 Ill. 2d 222, 231, 560 N.E.2d 324, 328 (1990).

Hernandez argues that Home Depot's actions and omissions were a cause in fact of his injuries. First, he points to evidence that Home Depot overfilled the cart both in terms of height and of weight. He alleges that the weight caused Eckles and Younglove to strain to move it, prompting Eckles to walk backwards and ultimately causing the accident. Likewise, he argues that the height of the moulding on the cart obstructed Younglove's view such that he could not see Hernandez. Moreover, Hernandez argues that Home Depot's admitted omissions—namely its failures to close the aisle, guide Eckles and Younglove to the aisle, or otherwise help the two stock the product safely—also caused his injury. In Hernandez's view, these allegations and the record evidence on which they rest create genuine issues of material fact regarding whether his injuries would have occurred but for Home Depot's conduct.[2]

Home Depot counters that there is no evidence the cart was "overloaded" and emphasizes that Eckles and Younglove breached Home Depot's protocol for moving carts. It notes that the parties agree that Home Depot employees were not involved in moving carts after filling them. And it suggests that the height and weight of the moulding loaded onto the cart were entirely irrelevant because Eckles's breach—

---

[2] Hernandez also seeks to exploit an erroneous admission made by Home Depot in its opening brief. In effect, the brief omitted the word "not" and inadvertently admitted that the height of the moulding on the cart *was* the cause in fact of Hernandez's injury. The Court does not credit this argument, as the typographical error was obviously inadvertent given its context.

6

walking backwards—was so grievous that it was "*the* cause-in-fact" of Hernandez's injury.

This argument reflects a misunderstanding of the cause-in-fact requirement. By arguing repeatedly that it was not *the* cause in fact of the injuries, Home Depot seems to suggest that only a single such cause is possible. But that is simply not the case. Injuries often have multiple causes in fact, the absence of any of which would have prevented the harm. *See Atchley v. Univ. of Chi. Med. Ctr.*, 2016 IL App (1st) 152481, ¶ 45, 64 N.E.3d 781, 795. The fact that Eckles and Younglove may have been negligent and that their negligence may have been a cause in fact of Hernandez's injury is immaterial to whether Home Depot's acts or omissions were a material element or substantial factor in Hernandez's injury.

Contrary to Home Depot's assertions, the Court concludes that Hernandez has presented sufficient evidence from which a reasonable jury could find that Home Depot's acts or omissions were a cause (or causes) in fact of his injuries. Specifically, he has pointed to admissible testimony from which a reasonable jury could conclude that Home Depot indeed overfilled the cart, causing Eckles and Younglove's error. Likewise, a reasonable jury could conclude that Home Depot's omissions in failing to supervise the moulding transfer or close the aisle are also causes in fact of the accident.

2. **Legal cause**

"'Legal cause' . . . is largely a question of foreseeability. The relevant inquiry is whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct." *Abrams*, 211 Ill. 2d at 258, 811 N.E.2d at 675. For instance, in

7

*Thompson v. County of Cook*, 154 Ill. 2d 374, 609 N.E.2d 922 (1993), and *Abrams*, 211 Ill. 2d at 251, 811 N.E.2d at 670, the Illinois Supreme Court concluded that intervening actors' conduct was so unforeseeable that legal cause could not be established as a matter of law. In *Thompson*, the plaintiff sued Cook County for allegedly failing to provide sufficient warning signs after a drunk driver who was travelling at between eighty and eighty-five miles per hour while eluding police struck and killed another driver. *Thompson*, 154 Ill. 2d at 382, 609 N.E.2d at 294. The court concluded that the drunk driver's actions were entirely unforeseeable and thus were the sole proximate cause of the injury. *Id.* at 383, 609 N.E.2d at 294. Likewise, in *Abrams* the court held that a plaintiff could not establish that the City of Chicago caused a traffic accident by failing to send an ambulance to retrieve a pregnant woman experiencing pain. *Abrams*, 211 Ill. 2d at 253-55, 811 N.E.2d at 672-73. Again, the court concluded that the intervening actions of an intoxicated driver were the sole proximate cause of the injury. *Id.* at 264, 811 N.E.2d at 678.

      Hernandez argues that Home Depot could have readily foreseen his injury. He again notes that the cart was stacked too high—by Home Depot employees—for Younglove to see where he was pushing it. And he suggests it is reasonable to infer that Eckles was walking backwards in order to move the overly heavy cart along. Further, Hernandez points to Home Depot's own internal guidelines, which district manager Girves testified require a Home Depot employee to accompany carts like the one in question to ensure their safe movement, as evidence that these circumstances were foreseeable. The very existence of such guidelines for the movement of carts like the one in question suggests, Hernandez argues, that the danger of hitting and injuring

8

a customer was both foreseeable and foreseen. Finally, he emphasizes, all of these considerations make clear that even if Eckles and Younglove were independently negligent, their intervening action was not the sort of wholly unforeseeable intervening force in question in *Thompson* and *Abrams*.

Home Depot again asserts that Eckles and Younglove were solely responsible for Hernandez's injuries. It cites *Ziemba v. Mierzwa*, 142 Ill. 2d 42, 566 N.E.2d 1365 (1991), for the broad proposition that visual obstructions are merely conditions rather than causes and that a third-party's intervening failure to exercise caution is therefore unforeseeable as a matter of law. That stretches *Ziemba* too far. In that case, the court held that a visual obstruction that blocked a bicyclist from observing a landowner's driveway was merely a condition rather than a cause of an accident that occurred because a truck—which sat above the obstruction and could thus see oncoming traffic—failed to look before pulling into traffic. *Id.* at 52, 566 N.E.2d at 1369. These circumstances are readily distinguishable, however, because here, unlike in *Ziemba*, the third-parties whom Home Depot claims intervened—Eckles and Younglove—were the ones obstructed from vision of the hazard, *not* the plaintiff.

Home Depot also argues that its internal guidelines on employee supervision of carts like the one in question are irrelevant. It cites several cases holding that internal guidelines cannot create legal duties where they do not otherwise exist. *See, e.g.*, *Rhodes v. Ill. Cent. Gulf R.R.*, 172 Ill. 2d 213, 238, 665 N.E.2d 1260, 1272 (1996). But Home Depot's argument lacks merit. The motion for summary judgment does not rest on whether Home Depot owed Hernandez a legal duty, because Home Depot has not contested as much presumably in light of undisputed evidence of a "business invitor-

9

invitee relationship." *See Marshall*, 222 Ill. 2d 422, 440, 856 N.E.2d 1048, 1059 (2006). Instead, the operative question is whether Hernandez has presented evidence from which a reasonable jury could conclude that his injuries were sufficiently foreseeable to Home Depot such that its actions or omissions constituted a legal cause of those injuries. The company's protocols for moving heavy carts around the store, apparently designed to prevent injuries like Hernandez's, are undoubtedly probative of whether such injuries were reasonably foreseeable to Home Depot. *Cf. Darling v. Charleston Cmty. Mem'l Hosp.*, 33 Ill. 2d 326, 331, 211 N.E.2d 253, 257 (1965) (drawing a similar distinction regarding the relevance of internal guidelines to determining the relevant standard of care where legal duty was not at issue).

In sum, because Hernandez has presented sufficient evidence from which a reasonable jury could conclude Home Depot's actions or omissions were both the cause in fact and the legal cause of his injuries, Home Depot is not entitled to summary judgment on the question of proximate causation.

### B. Agency

Finally, Hernandez argues that even if he loses on direct causation, he should still prevail on a theory of agency. That is, he asserts that there are genuine factual disputes regarding whether the NSS employees were subject to sufficient control by Home Depot that Home Depot should be held vicariously liable for their torts. *See Lawlor v. N. Am. Corp. of Ill.*, 2012 IL 1125530, ¶¶ 42-43, 983 N.E.2d 414, 427 (internal quotation marks omitted). In Illinois, "the cardinal consideration" of this analysis "is whether [the alleged principal] retains the right to control the manner of doing the work. *Id.* (internal quotation marks omitted). "The determination of whether a person is an

agent or independent contractor rests upon the facts and circumstances of each case." *Id.* ¶ 44 (internal quotation marks omitted). But, notably, the fact "[t]hat someone is an independent contractor . . . does not bar the attachment of vicarious liability for his actions if he is also an agent." *Id.* ¶ 43 (internal quotation marks omitted).

In support of his agency theory, Hernandez points to Home Depot policies that apparently dictate NSS contractors' movement of moulding as evidence that Home Depot exercises significant control over the contractors while they are in the store. He also emphasizes that NSS contractors depend upon Home Depot employees to gain access to the moulding in the first place.

Home Depot, one the other hand, argues that Hernandez has produced insufficient evidence of control. It contends that the most important source of evidence for assessing this claim is the parties' contract and criticizes Hernandez for failing to cite that contract, although it too fails to cite any relevant provisions of that agreement. Instead, it falls back on its argument that no Home Depot employee was assisting or supervising when Hernandez was injured. Of course, as discussed above, Hernandez thinks that such an absence was itself a negligent breach of Home Depot's policies. He notes further that "[i]t is the right or duty to supervise and control, not the exercise of the right, which determines whether a principal-agent relationship exists." *McHale v. W.D. Trucking, Inc.*, 2015 IL App (1st) 132625, ¶ 62, 39 N.E.3d 595, 617.

Construing the evidence in the light most favorable to Hernandez, the Court concludes that Home Depot is not entitled to summary judgment on Hernandez's agency theory of liability. Hernandez has offered evidence that NSS contractors like Eckles and Younglove are subject to significant control by Home Depot via its policies

and potential supervision. This is not to suggest that Home Depot's arguments to the contrary will necessarily fail. Rather, drawing all reasonable inference Hernandez's favor from the record before the Court, a reasonable jury *could* conclude that vicarious liability is appropriate.

**Conclusion**

For the foregoing reasons, the Court denies the defendant's motion for summary judgment [dkt. no. 51]. The case is set for a status hearing on January 24, 2019 at 8:30 a.m. (in chambers, Room 2188) to discuss the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 17, 2019